ROBYN ADOLPHE, pro se
8947 Myra Way
Charlotte, NC 28215
704-492-0469

FILED
CHARLOTTE, NC

NOV 01 2011

U.S. DISTRICT COURT
WESTERN DISTRICT OF NC

# United States District Court
# for the
# Western District of North Carolina

| | |
|---|---|
| ROBYN ADOLPHE<br><br>Plaintiff,<br><br>Vs.<br><br>Option One Mortgage Corporation/ Jeffrey A. Bunda;<br>David Applegate President (AHMSI)<br>American Home Mortgage Servicing, Inc.;<br>Merrill Lynch Mortgage, Investors Inc.,<br>Mortgage Loan Asset Backed Certificates<br>Series 2003-OPT1 Wells Fargo; John Stumpf,<br>President; FIRST AMERICAN TITLE<br>INSURANCE COMPANY; Dennis Gilmore,<br>CEO; Joesph C. Patterson, Agent from<br>Carolina Realty; Moss Codilis, LLP; (LPS)<br>Lender Processing Solutions, Inc,; Elizabeth B.<br>Ells;<br>Grady I. Ingle; Jeffery A. Bunda, Substitute<br>Trustee;<br><br>Defendants, | Case No: 3.11cv418<br><br>(Assigned to the Honorable Judge)<br><br>**PLAINTIFF'S OPPOSITION<br>TO OPTION ONE MORTGAGE<br>CORP., et al MOTION TO DISMISS** |

NOW COMES Plaintiff, Robyn Adolphe, *pro per*, pursuant to, *inter alia,* Rule 1 of the F.R.Civ.P., hereby enters her objection to the Defendants' motion to dismiss Plaintiff's claim, and asks that this Court DENY the motion, on the grounds that the Plaintiff has stated a claim, and provided sufficient facts upon which relief can be granted, that the Defendants acts were not harmless and/or unknowing error committed accidentally and/or without the knowledge of Defendants.

**ARGUMENT AND MEMORANDUM OF POINTS AND AUTHORITIES**
**I. Plaintiff is Not Required to Tender as Claimed in the Motion to Dismiss**
1. For purposes of a motion to dismiss, the plaintiff's allegations are taken as true, and the Court must construe the complaint in the light most favorable to the plaintiff. Jenkins v.

Page 1

Plaintiff's claim, and asks that this Court DENY the motion, on the grounds that the Plaintiff has stated a claim, and provided sufficient facts upon which relief can be granted, that the Defendants acts were not harmless and/or unknowing error committed accidentally and/or without the knowledge of Defendants.

## ARGUMENT AND MEMORANDUM OF POINTS AND AUTHORITIES

### I. Plaintiff is Not Required to Tender as Claimed in the Motion to Dismiss

1. For purposes of a motion to dismiss, the plaintiff's allegations are taken as true, and the Court must construe the complaint in the light most favorable to the plaintiff. Jenkins v. McKeithen, 395 U.S.411, 421 (1969). To defeat such a motion, the factual allegations must simply be "enough" to raise a right to relief above the speculative level…on the assumption that all the allegations in the complaint are true (even if doubtful in fact). *"Bell Atlantic Corp. v Twombly, 550 U.S. 544 (2007), (quoting 5 Charles Alan Wright & Arthur R.Miller, Federal Practice and Procedures §1216 (3d ed. 2004).* Further, the court must draw all reasonable inferences in the plaintiff's favor, *Doe v United States*, 419 F.3d 1058, 1062 (9th Cir. 2005), and presume that allegations embrace those specific facts that are necessary to support the claim, *"Luguan v. Nat'l Wildlife Fed*, 497 U.S. 871, 889 (1990). Thus factual disputes are properly resolved only on summary judgment or at trial, not on a motion to dismiss. *Celotex Corp v Catrett*, 477 U.S. 317, 327 (1986).

2. Herein, based on the publicly recorded documents and documents supplied by Plaintiff it appears that the chain of title was broken and the parties before the court cannot possibly have any right, title or interest in Plaintiff's property and that they are not the correct foreclosing entities. Plaintiff has ownership interest rights and possession of the subject property and has never given up those rights either expressed or implied. Plaintiff would be irreparably harmed through the loss of her unique and valuable property and has the only verifiable equitable interest in the property between the parties to this action. Defendants are nothing more than a "Fictitious Payee". For this reason the motion to dismiss should be denied.

3. Plaintiff has never been under any obligation to tender, i.e. during the

Page 2

pendency of the dispute of debt, which has never been resolved, and there is no duty to tender. Though Plaintiff contacted the originator servicer and trustee, no response to her dispute was ever made.

4. When Plaintiff learned of the fraudulent nature of the loan and the transaction undertaken by defendants without her knowledge, she offered to rescind the loan/transaction. This rescission was never accepted nor responded to.

## II. All Defendants are Responsible for the Acts of the Other Defendants

Plaintiff alleges that the Defendants individually and in concert acted to wrongfully deprive her of her property. Where a crime (fraud) is requested at the request of another, all are responsible.

## III. Fraud is Specifically Pled

5. Plaintiff has pled fraud in the purported assignment of the deed of Trust and fraud and concealment in the predatory loan given to Plaintiff. Plaintiff further pleads fraud in the conveyance of her note and deed of trust to a Real Estate Mortgage Backed Security Investment Trust. Plaintiff alleges fraud in knowing intent to wrongfully "convey" title to her property in contradiction of this Trust and the governing pooling and servicing agreement.

6 All defendants are accused of fraud by plaintiff as every false purported conveyance of the trustee, the beneficial or the beneficial interest in Plaintiff's note and Deed of Trust was known by Defendants as it was being done.

7. Plaintiff further alleges that Defendants knew they had no right to "convey" any right title or interest in Plaintiff's note and/or Deed of Trust. (See, attached affidavit the Plaintiff filed in Support of this Opposition to Motion to Dismiss).

## IV. Statute of Limitations Should be Tolled

8. An action based upon the rescission of a contract in writing. The time begins to run from the date upon which the facts that entitle the aggrieved party to rescind occurred.

9. Where the ground for rescission is fraud or mistake, the time does not

begin to run until the discovery by the aggrieved party of the facts constituting the fraud or mistake. The time does not begin to run until the representation becomes false. The federal doctrine of fraudulent concealment operates to toll the statute of limitations" where a plaintiff has been injured by fraud and 'remains in ignorance of it without any fault or want of diligence or care on his part."See, Holmberg v. Armbrecht, 327 U.S. 392, 397; Maggio v. Gerard Freezer & Ice Co., 824 F.2d 123, 127 (1st Cir. 1987).

10. Defendants' motion to dismiss completely misstates Plaintiff's causes of action. This was done intentionally to divert the Court's attention from the true facts. As alleged in Plaintiff's Complaint, the Defendants in this case acted together and in concert to wrongfully and fraudulently foreclose and evict Plaintiff from her home based on a predatory loan and investment scheme that was intentionally not disclosed to Plaintiff and done with the intent to defraud the Plaintiff in violation of federal and state laws regulating credit, banking and foreclosure.

11. Further, due to the nature of the investment scheme and the fees charged to Plaintiff, all payments under the obligation have been paid on the mortgage obligation and it is not actually in "default". Further, American Home Mortgage Servicing Inc. (AMHSI) has submitted false documents to the court, specifically the Trust Deed, for the litigation to evict the Plaintiff.

II. **All Defendants are Responsible for the Acts of the Other Defendants.**

12. Plaintiff alleges that the Defendants individually and in concert acted to wrongfully deprive him of his property. Where a crime (fraud) is requested at the request of another, all are responsible. "Persons jointly participating in the crime as where the act is committed by one person at the request of another, are each responsible as principals .

13. Defendants have knowingly recorded spurious documents, which have been offered for record with intent to defraud. Carolina law prohibits this very action.

**SECTION 16-13-10. Forgery.**

Page 4

(A) It is unlawful for a person to:

(1) falsely make, forge, or counterfeit; cause or procure to be falsely made, forged, or counterfeited; or wilfully act or assist in the false making, forging, or counterfeiting of any writing or instrument of writing;

(2) utter or publish as true any false, forged, or counterfeited writing or instrument of writing;

(3) falsely make, forge, counterfeit, alter, change, deface, or erase; or cause or procure to be falsely made, forged, counterfeited, altered, changed, defaced, or erased any record or plat of land; or

(4) willingly act or assist in any of the premises, with an intention to defraud any person.

(B) A person who violates the provisions of this section is guilty of a:

(1) felony and, upon conviction, must be fined in the discretion of the court or imprisoned not more than ten years, or both, if the amount of the forgery is ten thousand dollars or more;

(2) felony and, upon conviction, must be fined in the discretion of the court or imprisoned not more than five years, or both, if the amount of the forgery is less than ten thousand dollars.

(C) If the forgery does not involve a dollar amount, the person is guilty of a misdemeanor under the jurisdiction of the magistrates or municipal court, notwithstanding the provisions of Sections 22-3-540, 22-3-545, 22-3-550, and 14-25-65, and, upon conviction, must be fined in the discretion of the court or imprisoned not more than three years, or both.

14. Defendant has produced no enforceable original note with any assignment or allonge proving up the chain of title.

15. Defendant has failed to prove that it is the holder of rights under the alleged note, which would permit the legal holder thereof to declare a default which would trigger a foreclosure.

**Standing Cannot Be Waived and Defendant Lacks Standing.**

Page 5

Case 3:11-cv-00418-RJC   Document 29   Filed 11/01/11   Page 5 of 8

16. Plaintiffs obligation, as it is written, is current and Plaintiff never defaulted. (See, Exhibits 3 and 4, Loan# 0603307230) attached to the Declaration of Robyn Adolphe filed in Support of this Opposition to Motion to Dismiss Defendant failed to resolve dispute of debt back in 2009 and has never produced the necessary documents to resolve. Further, the obligors under the note have been dutifully paying the Creditors (Investors).

17. Because the obligation is not in default the foreclosure was fraudulent and should be overturned and Defendants Motion to Dismiss should be denied.

18. Defendant SHAPIRO & INGLE, LLP as "trustee" for unnamed "Certificateholders" of a "trust" has failed to demonstrate that it and not the Certificateholders is the party with the true ownership interest in the "loan"

19. Defendant SHAPIRO & INGLE, LLP as "trustee" for unnamed "Certificateholders" has failed to demonstrate that it has any authority from the Certificateholders.

20. Defendant refuses to explain the business relationships among the securitization parties, remaining silent on the subject, thereby denying and concealing the very existence of the parties, the agreements among them, and the substantial money that changed hands.

21. Plaintiff has received conflicting representations as to the alleged creditor's identity, and believes there exists a title defect or cloud on his title.

## CONCLUSION

22. Based on the facts stated above and supported by the publicly filed documents, it is clear that these Defendants do not hold a beneficial interest in Plaintiffs note and mortgage, let alone a secured interest in Plaintiffs property. Plaintiff moves the court to deny Defendants' motion to dismiss and to allow this case to proceed on the merits. In the alternative, Plaintiff requests the Court grant her leave to amend the Complaint.

```
 1
 2  AMERICAN HOME MORTGAGE SERVICE INC.
    MOSS CODILIS
 3  Frank A. Hirsch Jr. (N.C. Bar No. 130904)
    Heather Bell      (N.C. Bar No. 25239)
 4  Andru A. Wall     (N.C. Bar No. 24593)
    David Applegate (President)
 5
    ALSTON & BIRD LLP
 6  4721 Emperor Blvd., Suite 400
 7  Durham, NC 27703
    ATTORNEY FOR DEFENDANTS
 8
    WELLS FARGO BANK, N.A., as Trustee for MERILL LYNCH MORTGAGE, INVESTORS
 9  INC.
    FIRST AMERICAN TITLE
10  MERILL LYNCH MORTGAGE, INVESTORS
11  HORACK TALLEY
    2600 One Wells Fargo Center
12  Charlotte, NC 28202-6006
    Phillip E. Lewis
13  Glenn Ketner
    ATTORNEYS FOR DEFENDANTS
14  President- John Stumpf
15
16  OPTION ONE MORTGAGE / SAND CANYON CORP.
    Brett M. Shockley      North Carolina  Bar No. 20572
17  William C. Mayberry    North Carolina  Bar No. 41587
    McGuire Woods LLP      North Carolina
18  200 N. Tryon Street, Suite 3000
19  Charlotte, NC  28202
    Sucessor trustee
20

21  SHAPIRO AND INGLE LLP
    Jeffery A. Bunda
22  N.C. State Bar No. 34432
23  10130 Perimeter Parkway, Suite 400
    Charlotte, North Carolina 28216
24  ATTORNEYS FOR DEFENDANTS S&I, INGLE, ELLS, BUNDA, NEILL and BEGOR
25
26
27
28
```

By: /s/ Robyn Adolphe
Robyn Adolphe, *pro per*
Signed reserving all my rights at UCC 1-308