UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-418-RJC

| | |
|---|---|
| ROBYN ADOLPHE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| OPTION ONE MORTGAGE ) | |
| CORPORATION, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court on the following documents:

1. Ex Parte Motion for Order to Show Cause, Temporary Restraining Order and Permanent Injunction by Robyn Adolphe, filed November 1, 2011, (Doc. No. 24);

2. Motion for Evidentiary Hearing and Order to Show Cause Concerning Defendants' Filing of False Documents into a Public Office by Robyn Adolphe, filed November 2, 2011, (Doc. No. 39);

3. Motion for Partial Summary Judgment and Declaratory Relief, filed March 6, 2012, (Doc. No. 83);

4. Motion for an Emergency Preliminary Injunction, filed June 25, 2012. (Doc. No. 92).

**I.     BACKGROUND**

Plaintiff Robyn Adolphe ("Plaintiff") brought this action alleging fraud and violations of various Federal laws in connection with the foreclosure of a Deed of Trust encumbering real property formerly owned by Plaintiff and situated at 8947 Myra Way, Charlotte, North Carolina (the "Property"). (Doc. No. 1). The Property was sold at a foreclosure sale on September 23,

2011.  Plaintiff alleges various causes of action against her original lender, the original trustee, others associated with the original loan closing, the current noteholder, who has foreclosed and is the owner of the Property, and others because of their roles in prosecuting a foreclosure of the Property.  Plaintiff's Complaint seeks, *inter alia*, redress for injuries caused by Defendants' action in state court and the subsequent Order of a North Carolina state court.  Plaintiff filed two Motions for an Order to Show Cause and Temporary Restraining Order ("TRO"), (Doc. Nos. 24; 39), a Motion for Partial Summary Judgment and Declaratory Relief (Doc No. 83); and a Renewed Motion for Preliminary Injunction, (Doc. No. 92).  In Plaintiff's first Motion, she seeks a TRO "restraining AHMSI et al[,] their agents, employees, representatives, attorneys, and all persons acting in concert or participating with them and their agents from foreclosing and/or selling [the Property]."  (Doc. No. 24 at 1).  In her second Motion for a TRO, Plaintiff "requests an Order to Show Cause as to why Defendants have commenced a non-judicial foreclosure using fraudulent documents that have been unlawfully filed and/or recorded . . . [and] requests this Court to order Defendants to cease and desist all actions . . . ."  (Doc. No. 39 at 2).  In her Motion for Partial Summary Judgment, she declares "that the finding(s) of fact and law conducted by the deputy clerk . . . were each nullities" (Doc. No. 83 at 1).  In Plaintiff's Renewed Motion for Preliminary Injunction, (Doc. No. 92), filed June 25, 2012, she seeks "an Order enjoining and or restraining Defendants Wells Fargo and its servicing agent from any attempt to remove Plaintiff from the property at issue in the above caption case."  (Doc. No. 92 at 1).

## II. ANALYSIS

Congress has vested only the Supreme Court with jurisdiction to review state court decisions. 28 U.S.C. § 1257. The *Rooker–Feldman* doctrine prohibits "lower federal courts ... from exercising appellate jurisdiction over final state-court judgments." *Wilson v. Fed. Nat'l Mortg. Ass'n*, 3:11-CV-537-MOC-DCK, 2012 WL 1659138, at *3 (W.D.N.C. Apr. 19, 2012) report and recommendation adopted, 3:11CV537, 2012 WL 1658248 (W.D.N.C. May 11, 2012). The doctrine deprives district courts of subject matter jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 3 (*citing Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005)). Additionally, the doctrine forbids claims that "seek [ ] redress for an injury caused by the state-court decision itself" because they "ask [ ] the federal district court to conduct an appellate review of the state-court decision." *Id.* (*citing Davani v. Va. Dep't of Transp.*, 434 F.3d 712, 719 (4th Cir.2006)). Essentially, the doctrine applies "where a party in effect seeks to take an appeal of an unfavorable state-court decision to a lower federal court." *Id.* (*citing Lance v. Dennis,* 546 U.S. 459, 466 (2006)). The Court finds that Plaintiff's Motions must be denied.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Ex Parte Motion for Order to Show Cause, Temporary Restraining Order and Permanent Injunction by Robyn Adolphe, filed November 1, 2011, (Doc. No. 24), is **DENIED**;

2. Plaintiff's Motion for Evidentiary Hearing and Order to Show Cause Concerning Defendants' Filing of False Documents into a Public Office by Robyn Adolphe,
3

        filed November 2, 2011, (Doc. No. 39), is **DENIED**; and

3.      Plaintiff's Motion for Partial Summary Judgment and Declaratory Relief, filed March 6, 2012, (Doc. No. 83), is **DENIED**.

4.      Plaintiff's Motion for an Emergency Preliminary Injunction, (Doc. No. 92), filed June 25, 2012, is **DENIED**.

Signed: July 3, 2012

Robert J. Conrad, Jr.
Chief United States District Judge