# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### 3:11-cv-418-RJC

| | | |
|---|---|---|
| **ROBYN ADOLPHE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **ORDER** |
| | ) | |
| **OPTION ONE MORTGAGE** | ) | |
| **CORPORATION, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**THIS MATTER** comes before the Court on the following documents:

1. Motion to Dismiss by Geoffrey C. Hemenway, filed October 12, 2011, (Doc. No. 12);

2. Motion to Dismiss by American Home Mortgage Service, Inc., David Applegate and Moss Codilis, LLP, filed October 18, 2011, (Doc. No. 16);

3. Motion to Dismiss by Option One Mortgage Corporation, filed October 20, 2011, (Doc. No. 18);

4. Motion to Dismiss by Katherine Begor, Jeff A. Bunda, Jeffery A. Bunda, Elizabeth B. Ells and David W. Neill, Shapiro and Ingle, LLP, filed November 2, 2011, (Doc. No. 36);

5. Motion to Dismiss by John Stumpf and Wells Fargo Bank, N.A., filed November 10, 2011, (Doc. No. 45);

6. Motion to Dismiss by First American title Insurance Company and Dennis Gilmore, filed November 10, 2011, (Doc. No. 48);

7. Motions for Leave to Amend/Correct Complaint and Extension of Time by Robyn Adolphe, filed November 29, 2011, (Doc. No. 52), and December 12, 2011, (Doc. No. 57);

8. Motion to Strike All of Defendants' Motions by Robyn Adolphe, filed December 12, 2011, (Doc. No. 58);

9. Motion to Amend Complaint by Robyn Adolphe, filed January 12, 2012, (Doc.

No. 72);

10.     Motions for Extension of Time by Robyn Adolphe, filed February 27, 2012, (Doc. No. 82), and April 12, 2012, (Doc. No. 89); and

11.     Letter from Glenn E. Ketner, III to Judges Conrad and Howell, filed March 8, 2012, (Doc. No. 84).

## I.     BACKGROUND

On September 1, 2011, Plaintiff Robyn Adolphe ("Plaintiff") brought this action alleging fraud and violations of various Federal laws in connection with the foreclosure of a Deed of Trust encumbering real property formerly owned by Plaintiff and situated at 8947 Myra Way, Charlotte, North Carolina (the "Property"). (Doc. No. 1). The Property was sold at a foreclosure sale on September 23, 2011. Plaintiff alleges various causes of action against her original lender, the original trustee, others associated with the original loan closing, the current noteholder, who has foreclosed and is the owner of the Property, and others because of their roles in prosecuting a foreclosure of the Property.

## II.    DISCUSSION

### A.     Subject Matter Jurisdiction

In her initial Complaint, (Doc. No. 1), Plaintiff fails to sufficiently allege this Court's subject matter jurisdiction. Plaintiff states merely that this Court has subject matter jurisdiction because the cause of action arose in Mecklenburg County, North Carolina. (Doc. No. 1 at 2).

In her Amended Complaint, (Doc. No. 72), Plaintiff states that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 "base[d] upon out of state defendants." (Id. at 22). Plaintiff is a citizen of North Carolina. (Doc. No. 1 at 2). Plaintiff has sued approximately twenty defendants, several of whom are also citizens of North Carolina. (Id. at 3). Therefore, although the "matter in controversy exceeds the sum or value of $75,000," complete diversity of

citizenship is lacking and this Court does not have jurisdiction pursuant to 28 U.S.C. § 1332.

Plaintiff appears to be alleging federal question jurisdiction as a secondary source of this Court's subject matter jurisdiction. Although Plaintiff does not specifically cite 28 U.S.C. § 1331, she attempts to invoke the laws of the United States and this Court will construe her pleadings liberally because of her pro se status.[1] See Haines v. Kerner, 404 U.S. 519 (1972).

> B.   Motion to Amend Complaint

Plaintiff filed her initial Complaint on September 1, 2011. (Doc. No. 1). Defendants filed various motions to dismiss, primarily attacking Plaintiff's Complaint for failing to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), and failure to provide a short and plain statement of the claims under Rule 8(a). On November 29, 2011 and December 12, 2011, Plaintiff filed Motions for Leave to Amend her Complaint, (Doc. Nos. 52 and 57, respectively), but each time failed to attach a proposed amended

---

[1] Plaintiff declares "under penalty of perjury" that she is "proceeding without counsel" and that she has "not consulted with counsel regarding any of the matters asserted in this action." (Doc. No. 83-2 at 1). In a letter to the Court, however, Defendants point to evidence that an attorney may be ghost-writing some of Plaintiff's filings. (Doc. No. 88). Indeed, the Court notes that Plaintiff's more recent filings, (Doc. Nos. 72; 83), are significantly more advanced than her earlier filings and appear to have been drafted by counsel or with the assistance of counsel. The Court admonishes Plaintiff that the ghost-writing of pleadings for parties purporting to appear pro se is impermissible. "Ghostwriting legal documents '(1) unfairly exploits the Fourth Circuit's mandate that the pleadings of pro se parties be held to a less stringent standard than pleadings drafted by lawyers, (2) effectively nullifies the certification requirement of Rule 11 of the Federal Rules of Civil Procedure,'" and (3) circumvents the appearance and withdrawal requirements of Local Rule 83.1 of the Western District of North Carolina. Bittle v. Elec. Ry. Imp. Co., 576 F. Supp. 2d 744, 755 n.9 (M.D.N.C. 2008) (quoting Laremont-Lopez v. Se. Tidewater Opportunity Project, 968 F.Supp. 1075, 1078 (E.D. Va.1997)). The Court further warns any attorney providing ghostwriting assistance that he or she appears to be behaving unethically. See Davis v. Back, No. 3:09-cv-557, 2010 WL 1779982, at *13 (E.D. Va. Apr. 29, 2010); see also Anderson v. Duke Energy Corp., No. 3:06-cv-399, 2007 WL 4284904, at *1 n.1 (W.D.N.C. Dec. 4, 2007) (Reidinger, J.). Because the Court dismisses this action on the merits, it will not attempt to resolve the factual discrepancies regarding ghost-writing.

complaint. On January 12, 2012, Plaintiff filed a Motion to Construe Defendants' 12(b) Motions as Motions for a More Definite Statement, (Doc. No. 72), and this time, she attached a proposed amended Complaint. In her proposed Amended Complaint, Plaintiff asserts several new federal claims.

Under Federal Rule of Civil Procedure 15(a), leave to amend a pleading "shall be freely given when justice so requires." FED. R. CIV.P. 15(a). The Supreme Court has declared that "this mandate is to be heeded." Foman v. Davis, 371 U.S. 178, 182 (1962). The law is well settled "that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986). Delay alone is an insufficient reason to deny leave to amend. See id. Rather, the delay must be accompanied by prejudice, bad faith, or futility. See id.

Plaintiff is proceeding pro se, and therefore this Court construes her pleadings liberally. Erickson v. Pardus, 551 U.S. 89, 94 (2007). There is no evidence that Plaintiff's filing of the Amended Complaint was done in bad faith, or that allowing the amendment will prejudice the remaining defendants. Further, it is not readily apparent on the face of the proposed Amended Complaint that amendment would be futile. Plaintiff's Motion for Leave to Amend Complaint, (Doc. No. 72), is **GRANTED**. Plaintiff's earlier Motions to Leave to Amend Complaint, (Doc. Nos. 52; 57), are **DISMISSED as moot**.

C.    Motions to Dismiss

It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings must be dismissed as moot. Young v. City of Mount Ranier, 238 F. 3d 567, 573 (4th 2001) ("The general rule . . . is that an amended pleading

supersedes the original pleading, rendering the original pleading of no effect."); see also Collin v. Marconi Commerce Sys. Employees' Ret. Plan, 335 F. Supp. 2d 590, 614 (M.D.N.C. 2004) ("Earlier motions made by Defendants were filed prior to and have been rendered moot by Plaintiff's filing of the Second Amended Complaint"); Turner v. Knight, 192 F. Supp. 2d 391, 397 (D. Md. 2002) (quoting 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1476 (2d ed. 1990)) ("A pleading that has been amended . . . supersedes the pleading it modifies . . . . Once an amended pleading is interposed, the original pleading no longer performs any function in the case."). Because Plaintiff's Amended Complaint supersedes the previous Complaint, Defendants' Motions to Dismiss, (Doc. Nos. 12; 16; 18; 36; 45; 48), are **DISMISSED as moot**. The following documents relate to the initial Complaint or the Motions to Dismiss are also **DISMISSED as moot**: Plaintiff's Motion for Extension of Time to Reply to Defendants' Responses in Opposition to Motion to Amend, (Doc. No. 82), and Plaintiff's Motion to Strike All of Defendants' Motions, (Doc. No. 58).

      D.      Partial Motion for Summary Judgment

On April 12, 2012, Plaintiff filed a Motion for Extension of Time to respond to Defendants' Responses in Opposition to her Motion for Partial Summary Judgment. (Doc. No. 89). Plaintiff filed her Reply, (Doc. No. 90), on April 25, 2012. Plaintiff's Motion for Extension of Time, (Doc. No. 89), is **GRANTED, nunc pro tunc,** and the Court will consider Plaintiff's Reply, (Doc. No. 90), timely filed.

      **IT IS, THEREFORE, ORDERED** that:

1.      Plaintiff's Motion for Leave to Amend Complaint, (Doc. No. 72), is **GRANTED**;

2.      Plaintiff's earlier Motions to Leave to Amend Complaint, (Doc. Nos. 52; 57), are **DISMISSED as moot**;

3.      Motion to Dismiss by Geoffrey C. Hemenway, filed October 12, 2011, (Doc. No. 12), is **DISMISSED as moot**;

4.      Motion to Dismiss by American Home Mortgage Service, Inc., David Applegate and Moss Codilis, LLP, filed October 18, 2011, (Doc. No. 16), is **DISMISSED as moot**;

5.      Motion to Dismiss by Option One Mortgage Corporation, filed October 20, 2011, (Doc. No. 18), is **DISMISSED as moot**;

6.      Motion to Dismiss by Katherine Begor, Jeff A. Bunda, Jeffery A. Bunda, Elizabeth B. Ells and David W. Neill, Shapiro and Ingle, LLP, filed November 2, 2011 (Doc. No. 36), is **DISMISSED as moot**;

7.      Motion to Dismiss by John Stumpf and Wells Fargo Bank, N.A., filed November 10, 2011, (Doc. No. 45), is **DISMISSED as moot**;

8.      Motion to Dismiss by First American title Insurance Company and Dennis Gilmore, filed November 10, 2011, (Doc. No. 48), is **DISMISSED as moot**;

9.      Motion to Strike All of Defendants' Motions by Robyn Adolphe, filed December 12, 2011, (Doc. No. 58), is **DISMISSED as moot**;

10.     Motion for Extension of Time by Robyn Adolphe, filed February 27, 2012, (Doc. No. 82), is **DISMISSED as moot**; and

11.     Motion for Extension of Time by Robyn Adolphe, filed April 12, 2012, (Doc. No. 89), is **GRANTED, nunc pro tunc**.

Signed: July 3, 2012

Robert J. Conrad, Jr.
Chief United States District Judge