# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:11-cv-418-RJC

| | |
|---|---|
| ROBYN ADOLPHE, | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| OPTION ONE MORTGAGE CORP., et al., | ) |
| Defendants. | ) |

**THIS MATTER** comes before the Court on a Motion to Strike by Defendants David Applegate and American Home Mortgage Servicing, Inc. (collectively "AHMSI"), filed December 19, 2011. (Doc. No. 68).

## I. BACKGROUND

On September 1, 2011, pro se Plaintiff Robyn Adolphe ("Plaintiff") filed a Complaint in this Court that related to a loan Plaintiff obtained from Option One Mortgage Corporation on June 12, 2003, and which is secured by real property located at 8947 Myra Way, Charlotte, North Carolina 28215. (Doc. No. 1).

On December 16, 2011, Plaintiff filed a Notice of Interest which contains a copy of a letter to the Grievance Committee of the North Carolina State Bar alleging fraud and violations of various Federal laws by Alston & Bird LLP and its agents. (Doc. No. 63). Specifically, Plaintiff alleges that the law firms of Alston & Bird and Shapiro & Ingle knowingly and wilfully sent her a fraudulent document containing signatures which did not belong to her. (Id.). On December 19, 2011, AHMSI filed a Motion to Strike Plaintiff's Notice of Interest. (Doc. No. 68). The Motion states that the Notice of Interest contains immaterial, impertinent, or

scandalous allegations that disparage AHMSI's counsel without advancing Plaintiff's claims in any reasonable manner. (Id.).

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(f), a court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter. A motion to strike is timely if made by a party before responding to the pleading. FED. R. CIV. P. 12(f)(2). Although courts have broad discretion in disposing of motions to strike, such motions are generally viewed with disfavor "because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." Waste Mgmt. Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001) (internal citation omitted); see also Brown v. Inst. for Family Centered Servs., Inc., 394 F. Supp. 2d 724, 727 (M.D.N.C. 2005) ("Motions to strike are viewed with disfavor and are granted only for egregious violations. Thus, before a motion to strike will be granted, the allegations must be the type envisioned by the rule and prejudicial."). "[A]s far as motions to strike pleadings on the basis of immateriality are concerned, a 'matter will not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation.'" N.C. Shellfish Growers Ass'n v. Holly Ridge Assocs., L.L.C., 200 F. Supp. 2d 551, 554 (E.D.N.C. 2001) (quoting Craig Funeral Home, Inc. v. State Farm Mut. Auto. Ins. Co., 254 F.2d 569, 572 (5th Cir. 1958)). "A motion to strike places a sizable burden on the movant, and would typically require a showing that denial of the motion would prejudice the movant." Miller v. Rutherford Cnty., No. 1:08cv441, 2008 WL 5392057, at *4 (W.D.N.C. Dec. 19, 2008) (Thornburg, L.) (internal quotation marks and citations omitted).

## III. DISCUSSION

AHMSI's Motion to Strike was timely filed because AHMSI filed it before responding to the Notice of Interest. FED. R. CIV. P. 12(f)(2). AHMSI argues that Plaintiff's Notice of Interest contains immaterial, impertinent, or scandalous allegations that disparage AHMSI's counsel. (Doc. No. 68). The Court finds that Plaintiff's Notice of Interest contains redundant and immaterial matter. See FED. R. CIV. P. 12(f) ("The court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter."). In the letter contained in Plaintiff's Notice of Interest, Plaintiff alleges that Alston & Bird and its agents committed conspiracy and fraud. (Doc. No. 68 at 3). In her Complaint, Plaintiff similarly alleges conspiracy and fraud. (Doc. No. 1 at 27-28). The contents of the letter merely reiterate the allegations in Plaintiff's Complaint and are therefore redundant. FED. R. CIV. P. 12(f). While "it is a generally accepted view that a motion to strike for redundancy ought not to be granted in the absence of a clear showing of prejudice to the movant," here, AHMSI has demonstrated such prejudice. Builders Mut. Ins. Co. v. Dragas Mgmt. Corp., 709 F. Supp. 2d 432, 437 (E.D. Va. 2010) (internal citation omitted). To protect the reputation of its counsel, AHMSI has been forced to incur fees and expenses related to responding to Plaintiff's filing. Sanders v. Prince George's Pub. Sch. Sys., No. RWT 08CV501, 2011 WL 768746, at *3 (D. Md. Feb. 28, 2011) ("The Court has reviewed the pleadings and agrees with Defendant PGPSS that they are redundant and therefore prejudicial to Defendant if forced to respond."); Brafford v. Rue21, Inc., No. 3:11cv643, 2012 WL 1520324, at *1-3 (W.D.N.C. May 1, 2012) (Whitney, J.) (striking some of plaintiff's claims as redundant). Although motions to strike are generally disfavored, the Court agrees with AHMSI that the statements contained in Plaintiff's Notice of Interest are redundant and prejudicial and therefore should be stricken. Plaintiff's Notice of Interest is ordered stricken from the record.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that AHMSI's Motion to Strike, (Doc. No. 68), is **GRANTED**.

Signed: August 6, 2012

Robert J. Conrad, Jr.
Chief United States District Judge