| | | |
|---|---|---|
| ROBYN ADOLPHE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| OPTION ONE MORTGAGE | ) | |
| CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** comes before the Court on the following Motions:

1.      Motion to Dismiss by Geoffrey C. Hemenway, (Doc. No. 96);

2.      Motion to Dismiss by American Home Mortgage Service, Inc, David Applegate, and Moss Codilis, LLP, (Doc. No. 105);

3.      Motion to Dismiss by First American Title Insurance Company and Dennis Gilmore, (Doc. No. 109);

4.      Motion to Dismiss by Katherine Begor, Jeffrey A. Bunda, Elizabeth B. Ells, David W. Neill and Shapiro and Ingle, LLP, (Doc. No. 111);

5.      Motion to Dismiss by John Stumpf and Wells Fargo Bank, N.A., (Doc. No. 113);

6.      Motion to Dismiss by Option One Mortgage Corporation, (Doc. No. 115); and

7.      Plaintiff's Motion for Reconsideration, (Doc. No. 129).

## I.      BACKGROUND

### A.      Related Actions

On June 12, 2003, pro se Plaintiff Robyn Adolphe ("Plaintiff") obtained a loan from

Defendant Option One Mortgage Corporation ("Option One") which was secured by real

property located at 8947 Myra Way in Charlotte, North Carolina 28215 (the "Property").

Defendant Geoffrey C. Hemenway ("Hemenway") conducted the real estate closing. The loan

was serviced by Defendant American Home Mortgage Servicing, Inc. ("AHMSI"), of which

Defendant David Applegate ("Applegate") serves as President. Defendant Moss Codilis, L.L.P.

("Moss") was a contractor for AHMSI that sent Plaintiff a letter on behalf of AHMSI.

On December 2, 2010, Plaintiff filed a complaint in this Court against AHMSI, which

she amended on February 22, 2011. See (Civil Action No. 3:10-cv-620, Doc. Nos. 2; 20). On

May 13, 2011, the Honorable David S. Cayer dismissed Plaintiff's amended complaint with

prejudice for failure to state a claim, reasoning as follows:

> In this case, even taking the limited allegations of the pro se Amended Complaint
> as entirely true and construing every possible inference therefrom in Plaintiff's
> favor, her Amended Complaint against Defendant must be dismissed. As
> Defendant argues and as Judge Whitney essentially concluded in his April 18
> Order, Defendant was the servicer, not the holder or owner, of the subject home
> mortgage loan. Plaintiff has not alleged and cannot allege that Defendant
> foreclosed or attempted to foreclose the subject loan. Accordingly, because
> Defendant is not a properly named party as a matter of law, its Motion to Dismiss
> Plaintiff's Amended Complaint clearly must be granted.

(Id., Doc. No. 38 at 4). Plaintiff appealed, and the United States Court of Appeals for the Fourth

Circuit affirmed the judgment of the district court on October 4, 2011. (Id., Doc. No. 44).

On August 25, 2011, the Clerk of Court for Mecklenburg County, after conducting a

hearing the previous day and after reviewing documents submitted by Plaintiff and the Substitute

Trustee, issued an Order of Foreclosure pursuant to the power of sale contained in the Deed of

Trust securing the Note between Plaintiff and Option One, which was assigned to Wells Fargo,

N.A. ("Wells Fargo") as Trustee for Merrill Lynch Mortgage Investors, Inc., Mortgage Loan

Asset-Backed Certificates Series 2003-OPT1. (Doc. No. 105-5: Order Permitting Foreclosure).

The Order stated that "the trustee is hereby authorized to proceed with foreclosure of the deed of

trust in the manner prescribed by law." (Id.). The Order further provided that (1) proper notice

of the hearing was given; (2) Wells Fargo Bank, N.A. was the holder of the promissory note, which constituted a valid debt owed by Plaintiff; (3) Plaintiff defaulted under the promissory note and deed of trust; (4) the mortgage loan was not subprime; and (5) Wells Fargo Bank, N.A., as the noteholder, was entitled to have the deed of trust foreclosed under power of sale. (Id.).

Plaintiff received notice of the hearing and submitted documents to the Clerk through the bailiff, although she declined to enter the hearing room. (Doc. Nos. 105-6: Notice of Continuance; 105-7: Documents provided by Plaintiff to Clerk). The Property was sold on September 23, 2011 and confirmation of sale occurred thereafter. (Doc. No. 105-8: Report of Foreclosure Sale). On July 5, 2012, the Sheriff of Mecklenburg County evicted Plaintiff from the Property.

B.      Present Action

On September 1, 2011, Plaintiff brought this action alleging fraud and violations of various Federal laws stemming from the same 2003 loan transaction with Option One. In her Complaint, Plaintiff named approximately twenty-four defendants and alleged that none of the named defendants had standing to foreclose on the Property. (Doc. No. 1 at ¶ 12). On January 12, 2012, Plaintiff filed a Motion for Leave to amend her Complaint, (Do. No. 72), which this Court allowed by Order dated July, 3, 2012. (Doc. No. 95). In her Amended Complaint, Plaintiff alleges claims under five causes of action: (1) the Racketeer Influenced and Corrupt Organizations Act ("RICO"), (2) the Fair Housing Act, (3) 42 U.S.C. § 1983, (4) 42 U.S.C. §§ 1981 and 1985 and (5) attorney malpractice. (Doc. No. 72 at 23-31).

In general terms, Plaintiff alleges that her credit score was artificially bolstered by a false bank statement reflecting that Plaintiff had disposable cash in the amount of $40,000, which she did not have. (Id. at 2-3). The enhancement of her credit score allowed Plaintiff to qualify for

financing for which she would not have otherwise qualified. (Id. at 3). Plaintiff further alleges that her loan documents falsely indicate that she made a $29,400 down payment, which she did not make. (Id.). Plaintiff states: "Had it not been for the fraudulent representations of the Defendants in the claim of tendered funds in the amount of $29,400, and the claim of Plaintiff's disposable income of $40,000, Plaintiff would not have been able to take out her loan." (Id. at 4). Plaintiff contends that the evidence will reflect that "the mortgage was fraudulently manipulated by the lender, seller, loan broker, closing attorney and the appraisers to create an over valued, yet marketable mortgage instrument with the goal of defrauding both Plaintiff and financial market investors." (Id.). Plaintiff further alleges that "her particular mortgage has been duplicated or split off from the promissory note and sold on multiple occasions" and that "she was targeted under such scheme of the Defendants based at least in part upon her African American heritage and gender." (Id.).

Between July 6, 2012 and July 31, 2012, Defendants filed various Motions to Dismiss Plaintiff's Amended Complaint. See (Doc. Nos. 96; 105; 109; 111; 113; 115). Plaintiff responded to Defendant Hemenway's Motion on August 8, 2012. See (Doc. No. 121). In her response, Plaintiff argued "that Defendant Hemenway's motion to [] dismiss[] should be denied [because there is] [s]ufficient evidence of Fraud, Corruption, Conspiracy, Intent to commit fraud among other serious Federal and State Laws which were broken." (Id. at 6). Plaintiff did not respond to the remaining Motions to Dismiss.

The Motions to Dismiss Plaintiff's Amended Complaint are ripe for adjudication. For the reasons set forth below, Defendants' Motions to Dismiss are **GRANTED** and this case is **DISMISSED with prejudice**.

## II. STANDARD OF REVIEW

The plaintiff has the burden of proving that subject matter jurisdiction exists. See

Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir.

1991). The existence of subject matter jurisdiction is a threshold issue the court must address

before considering the merits of the case. Jones v. Am. Postal Workers Union, 192 F.3d 417,

422 (4th Cir. 1999). When a defendant challenges subject matter jurisdiction pursuant to Federal

Rule of Civil Procedure 12(b)(1), "the district court is to regard the pleadings as mere evidence

on the issue, and may consider evidence outside the pleadings without converting the proceeding

to one for summary judgment." Richmond, 945 F.2d at 768. The district court should grant the

Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and

the moving party is entitled to prevail as a matter of law." Id.; see also Evans v. B.F. Perkins

Co., 166 F.3d 642, 647 (4th Cir. 1999).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the

sufficiency of the plaintiff's complaint. See Edwards v. City of Goldsboro, 178 F.3d 231, 243

(4th Cir. 1999). Except in certain specified cases, a plaintiff's complaint need only satisfy the

"simplified pleading standard" of Rule 8(a), Swierkiewicz v. Sorema N.A., 534 U.S. 506, 513

(2002), which requires a "short and plain statement of the claim showing that the pleader is

entitled to relief." FED. R. CIV. P. 8(a)(2). To satisfy this Rule 8 requirement, the showing must

consist of at least "enough facts to state a claim to relief that is plausible on its face." Ashcroft

v. Iqbal, 129 S.Ct. 1937, 1960 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544,

570 (2007)); see also Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir.

2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

Iqbal, 129 S.Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," however, "do not suffice." Id. Although the Court must consider all well-pled allegations in the complaint as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and must construe all factual allegations in the light most favorable to the plaintiff, Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 783 (4th Cir. 1999), the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

## III.    DISCUSSION

Defendants' pending Motions to Dismiss are primarily filed pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Defendants contend as a threshold matter that this Court lacks subject matter jurisdiction because Plaintiff's suit attempts to challenge final and binding orders of this Court and of the Clerk of Superior Court for Mecklenburg County, and in the alternative, that Plaintiff fails to state a claim upon which relief can be granted. Most of the Motions include additional grounds for dismissal, but this Court finds that there is a sufficient basis for dismissal without addressing all of Defendants' arguments.

### A.    Jurisdiction

Almost all of the Defendants first argue that the Rooker-Feldman doctrine bars this Court from reviewing the underlying state court judgment. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). The Rooker-Feldman doctrine prohibits "lower federal courts . . . from exercising appellate jurisdiction over final state-court judgments." Lance v. Dennis, 546 U.S. 459, 463 (2006) (per curiam). Rooker-Feldman is a "narrow doctrine," id., which deprives district courts of subject matter jurisdiction over "cases brought by state-court losers complaining of injuries caused by

6

state-court judgments rendered before the district court proceedings commenced and inviting

district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic

Indus. Corp., 544 U.S. 280, 284 (2005). In other words, the doctrine applies "where a party in

effect seeks to take an appeal of an unfavorable state-court decision to a lower federal court."

Lance, 546 U.S. 459. at 466; see also Adkins v. Rumsfeld, 464 F.3d 456, 463-64 (4th Cir. 2006).

Much of Plaintiff's Amended Complaint seeks redress for injuries purportedly caused by

some or all Defendants' involvement in the state court foreclosure action, and the subsequent

order of a North Carolina state court. Plaintiff seeks to void a judgment of the Superior Court of

Mecklenburg County, North Carolina. (Doc. No. 72 at 10-13). As noted by Defendants, most of

Plaintiff's claims appear to turn on allegations directly related to the foreclosure action in state

court. As such, Plaintiff effectively seeks to appeal the determination of the Mecklenburg

County Superior Court to this Court, and invite this Court to reject the findings of the Superior

Court.

Under the Rooker-Feldman doctrine, this Court lacks jurisdiction over the claims in

Plaintiff's Amended Complaint that arise out of the state court foreclosure action.[1] The United

States Supreme Court has declared that "a party losing in state court is barred from seeking what

in substance would be appellate review of the state judgment in a United States district court,

based on the losing party's claim that the state judgment itself violates the loser's federal rights."

---

[1] This Court has frequently applied Rooker-Feldman to cases with similar facts. See McIntyre v. BAC Home Loans Servicing, L.P., No. 3:10-CV-089-RJC-DCK, 2010 WL 3911412 (W.D.N.C. June 30, 2010) *adopted by* 2010 WL 3922410 (W.D.N.C. Oct. 14, 2010); Bey v. Simpson, No. 3:11-CV-349-RJC-DCK, 2011 WL 7052789 (W.D.N.C. Nov. 28, 2011) *adopted by* 2011 WL 136247 (W.D.N.C. Jan. 18, 2012); Jones v. Saxon Mortg. Services, Inc., No. 3:09cv425-RJC-DCK, 2010 WL 2629782 at *4 (W.D.N.C. June 28, 2010); Radisi v. HSBC Bank USA, No. 5:11CV125-RLV, 2012 WL 2155052 (W.D.N.C. June 12, 2012).

Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994) (citing Feldman, 460 U.S. at 482; Rooker, 263 U.S. at 416). This bar applies not only to issues actually presented to and decided upon by a state court, but to constitutional claims that are "inextricably intertwined with" those questions ruled upon by a state court. Plyler v. Moore, 129 F.3d 728, 731 (4th Cir. 1997). And it precludes federal review not only of adjudications of a state's highest court, but also decisions of its lower courts. Jordahl v. Democratic Party of Va., 122 F.3d 192, 199 (4th Cir. 1997). Thus, this Court lacks subject matter jurisdiction over the portions of Plaintiff's Amended Complaint seeking redress for injuries allegedly caused by the state court's order of foreclosure.[2]

  B.    Failure to State A Claim

  To the extent that the claims or Defendants are not "inextricably intertwined" with the state court decision, dismissal is still appropriate pursuant to Federal Rule of Civil Procedure 12(b)(6). As noted above, a complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Here, even viewing the Amended Complaint in the light most favorable to Plaintiff and accepting her allegations as true,

---

  [2] Plaintiff's foreclosure-related claims against AHMSI are also barred by the doctrine of res judicata. Plaintiff asserted similar or related claims in her previous action in this Court against AHMSI. See (Case No.: 3:10-cv-00620-DSC, Doc. Nos. 2; 20). Accordingly, Plaintiff is estopped from asserting claims related to the validity of the foreclosure proceedings and enforceability of the Note and Deed of Trust by the doctrine of res judicata, which "precludes a second suit involving the same claim between the same parties or those in privity with them when there has been a final judgment on the merits in a prior action in a court of competent jurisdiction." Moody v. Able Outdoor, Inc., 609 S.E.2d 259, 261 (N.C. Ct. App. 2005).

Plaintiff does not plausibly allege claims for violations of the RICO Act, Fair Housing Act, 42

U.S.C. §§ 1981, 1983 or 1985, or attorney malpractice.  See (Doc. No. 72 at 23-31).

1.      RICO Act

RICO contains a private right of action for "[a]ny person injured in his business or

property by reason of a violation of section 1962 of this chapter."  18 U.S.C. § 1964(c).  To state

a RICO claim, Plaintiff must sufficiently plead each element of a RICO violation, including: (1)

conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activity.  Sedima, S.P.R.L.

v. Imrex Co., 473 U.S. 479, 496 (1985).  In order to survive a motion to dismiss a RICO claim, a

"plaintiff must plead [the] circumstances of the fraudulent acts that form the alleged pattern of

racketeering activity with sufficient specificity pursuant to Fed. R. Civ. P. 9(b)."  Williams v.

Equity Holding Corp., 245 F.R.D. 240, 243 (E.D. Va. 2007) (quoting Menasco, Inc. v.

Wasserman, 886 F.2d 681, 684 (4th Cir.1989)).  "Conclusory allegations that are not stated with

particularity do not satisfy Rule 9(b)'s requirements."  Id. at 244.  The pattern requirement and

heightened pleading standard for civil RICO claims ensure "that RICO's extraordinary remedy

does not threaten the ordinary run of commercial transactions . . . ."  Menasco, 886 F.2d at 683.

First, Plaintiff has failed to sufficiently plead that any Defendant engaged in an

"enterprise."  An enterprise is an "ongoing organization, formal or informal, in which the various

associates function as a continuing unit."  Delk v. ArvinMeritor, Inc., 179 F. Supp. 2d 615, 626-

27 (W.D.N.C. 2002).  Instead, Plaintiff alleges each claim against nearly all of the twenty-four

Defendants and proposed defendants, making it impossible to determine what claims are alleged

against an individual Defendant, much less the alleged conduct underlying the claim.  This

method of "group pleading" fails to provide any defendant with "fair notice of what the . . .

claim is and the grounds upon which it rests."  Twombly, 550 U.S. at 55.  Plaintiff failed to aver

any factual allegations that demonstrate the individual roles played by each Defendant, much less how those roles combined to form a continuing unit, or "enterprise."

Second, to sufficiently plead a claim under civil RICO, Plaintiff must allege at least two acts of racketeering that form a pattern of racketeering activity. 18 U.S.C. § 1961(5). Alleging two of these "predicate" acts is not in itself sufficient to satisfy the "pattern of racketeering" requirement; rather, a plaintiff must allege a continuing pattern and a relationship among Defendants' activities showing they had the same or similar purposes. Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians, 155 F.3d 500, 505 (4th Cir. 1998) (citing H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229 (1989)). Continuity may be established by showing that "predicate acts or offenses are part of an ongoing entity's regular way of doing business." H.J. Inc., 492 U.S. at 242. The relationship criterion may be satisfied by showing that the criminal acts "have the same or similar purposes, victims, or methods of commission, or are otherwise interrelated by distinguishing characteristics and are not isolated events." Id. at 240. The predicate acts supporting Plaintiff's RICO claim are alleged acts of (1) wire fraud, (2) mail fraud, (3) financial institution fraud and (4) laundering of monetary instruments. (Doc. No. 72 at 23-29).

### a. Mail and Wire Fraud

Plaintiff's mail and wire fraud allegations are subject to the heightened pleading standard of Rule 9(b). Menasco, 886 F.2d at 684. Under Federal Rule of Civil Procedure 9(b), a party must state with particularity the "time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 784 (4th Cir. 1999). Although Plaintiff makes statements such as "Defendants devised a scheme to fraudulent qualify such individuals

for home loans and FHA guarantees by falsifying, fabricating, or overstating collateral and down payments," the Amended Complaint fails to allege mail or wire fraud with sufficient particularity. (Doc. No. 72 at 26-27). Plaintiff has provided no allegations of the contents of the allegedly fraudulent wires and mailings, nor has she provided any facts indicating that the statements contained in the wires or mailings were untrue. Although a defendant may be liable for RICO violations if it commits two or more acts of mail or wire fraud, the Fourth Circuit is "cautious about basing a RICO claim on predicate acts of mail and wire fraud because it will be the unusual fraud that does not enlist the mails and wires in its service at least twice." Al-Abood v. Elshamiri, 217 F.3d 225, 238 (4th Cir. 2000). This caution is designed to preserve a distinction between "ordinary" fraud claims and those frauds that are so ongoing and pervasive as to pose a special threat to society. Id. (internal citations omitted). Plaintiff has failed to sufficiently plead predicate acts of mail or wire fraud. Id.; FED. R. CIV. P. 9(b).

b.          Financial Institution Fraud

Plaintiff has not specifically alleged how Defendants attempted to defraud a financial institution. A necessary element of financial institution fraud under 18 U.S.C. § 1344 is that a financial institution must be victimized. United States v. Brandon, 298 F.3d 307, 311 (4th Cir. 2002). Plaintiff alleges that the conduct of the Defendants prevented her from receiving "the full value, benefit, and enjoyment" of her property. (Doc. No. 72 at 28). Thus, Plaintiff has failed to plead the predicate crime of financial institution fraud, and it cannot serve as a basis for her RICO claim.

c.          Laundering of Money Instruments

When a plaintiff alleges money laundering under 18 U.S.C. § 1956(a)(1) as a predicate act for a civil RICO claim, the plaintiff must first set forth facts showing (1) that the defendants

11

conducted or attempted to conduct a financial transaction; (2) that the transaction involved the proceeds of "specified unlawful activity;" and (3) that the defendants knew the proceeds were from some form of unlawful activity. 18 U.S.C. § 1956(a)(1). Plaintiff has failed to allege that the financial transaction at issue involved proceeds of any "specified unlawful activity" by the Defendants. See 18 U.S.C. § 1956(a)(7) (defining "specified unlawful activity").

In sum, Plaintiff has not demonstrated that a pattern of racketeering activity has occurred with sufficient specificity to survive a Rule 12(b)(6) motion, or that she was "injured by reason of the pattern of racketeering activity." Am. Chiropractic Ass'n v. Trigon Healthcare, Inc., 367 F.3d 212, 233 (4th Cir. 2004). Plaintiff's RICO claim is **DISMISSED**.

> 2.    Fair Housing Act

In support of her claim for violations of the North Carolina State Fair Housing Act ("NCFHA") and Federal Fair Housing Act ("FHA"), Plaintiff merely states that Defendants "did or attempted to do, and/or conspired to do, in some way or degree, obstruct the rights of Plaintiffs and others to obtain fair and affordable housing, land and home ownership." (Doc. No. 72 at 30). Plaintiff does not state which provisions of the NCFHA and FHA the Defendants violated, or how the Defendants violated either act, or even which Defendants allegedly committed the violations. A single conclusory statement that the NCFHA and FHA were violated is insufficient to state a claim for which relief may be granted. See Iqbal, 556 U.S. at 680-83. Even if Plaintiff had alleged an FHA claim with sufficient particularity, it would be time-barred pursuant to the two-year statute of limitations provided for in 42 U.S.C. § 3613(a)(1)(A). Therefore, Plaintiff's NCFHA and FHA claims are **DISMISSED**.

> 3.    Civil Rights Violations under 42 U.S.C. §1983

Plaintiff alleged that "Defendants Clerk of the Superior Court, deputy clerks of the

superior court and/or assistant clerks of the superior court for Mecklenburg County, North

Carolina, in both their official and personal capacity, did or attempted to do, and/or conspired to

do, in some way or degree, violate the civil rights of the Plaintiff and other citizens by

conducting quasi judicial proceedings without lawful authorization resulting in the lost of

Plaintiffs real property without due process of law, equal protection and the right to make and

enforce contracts."  (Doc. No. 72 at 30) (emphasis in original).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by

the Constitution and laws of the United States, and must show that the alleged deprivation was

committed by a person acting under color of state law."  West v. Atkins, 487 U.S. 42, 48 (1988).

"A plaintiff alleging an Equal Protection violation actionable under §1983 must establish that the

differential treatment it was afforded was intentional, not the result of mere negligence."  C&H

Company v. Richardson, 78 F. App'x 894, 902 (4th Cir. Oct. 27, 2003).

> To succeed on an equal protection claim, [a plaintiff] "must first demonstrate that
> he has been treated differently from others with whom he is similarly situated and
> that the unequal treatment was the result of intentional or purposeful
> discrimination."  Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001).  If he
> makes this showing, "the court proceeds to determine whether the disparity in
> treatment can be justified under the requisite level of scrutiny."  Id.  To state an
> equal protection claim, [a plaintiff] must plead sufficient facts to satisfy each
> requirement . . . .

Veney v. Wyche, 293 F.3d 726, 730-31 (4th Cir. 2002).

Plaintiff has not made a sufficient showing that the named Defendants violated her rights

pursuant to § 1983.  Moreover, this action against the Clerks of the Mecklenburg County

Superior Court is barred by absolute immunity.  Kincaid v. Vail, 969 F.2d 594, 601 (4th Cir.

1992) (immunity is extended because of the "danger that disappointed litigants, blocked by the

doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks,

court reporters, and other judicial adjuncts."). Plaintiff's 42 U.S.C. § 1983 claim is **DISMISSED**.

4.      Civil Rights Violations under 42 U.S.C. §§1981 and 1985

Plaintiff alleges that the Defendants violated 42 U.S.C. §§ 1981 and 1985 by interfering, attempting to interfere, and/or conspiring to interfere with her civil rights by originating a mortgage under fraudulent pretenses; unlawfully transferring Plaintiff's real property; and conducting foreclosure proceedings without the standing to foreclose; each of which somehow obstructed Plaintiff's right to make and enforce contracts in the same manner as white citizens. (Doc. No. 72 at 30-31).

In order to state a claim under §1985, Plaintiff must establish all of the following elements: "(1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy." Simmons v. Poe, 47 F.3d 1370, 1376 (4th Cir. 1995). A plaintiff must also show an actual agreement or a "meeting of the minds" by defendants to violate the claimant's constitutional rights. Id. at 1377. Conclusory allegations of a conspiracy, in the absence of concrete supporting facts, are insufficient to state a claim. Id.

Plaintiff's allegations do not satisfy the pleading requirements of Rule 8(a), as she fails to differentiate between the individual defendants, and instead asserts the same generic factual allegations against each of the defendants without regard to the role performed by each. (Doc. No. 72 at 31). Plaintiff's allegations fall into one of two categories: loan origination or a party's standing to foreclose. To the extent that the allegations relate to the origination of her loan on

14

June 13, 2003, they would be time-barred. Claims under §§ 1981 and 1985 are subject to a three-year statute of limitations. 42 U.S.C. § 1983; N.C. GEN. STAT. § 1-52(2). To the extent they attempt to challenge Wells Fargo Bank, N.A.'s standing to foreclose based on allegedly improper assignments or transfers, the allegations are barred by the doctrines of Rooker-Feldman and collateral estoppel. Plaintiff's 42 U.S.C. §§ 1981 and 1985 claims are **DISMISSED**.

           5.        <u>Attorney Malpractice</u>

To maintain a claim for attorney malpractice, Plaintiff is required to plead: "(1) that the attorney breached the duties owed to his client, and that this negligence (2) proximately caused (3) damage to the plaintiff." <u>Rorrer v. Cooke</u>, 313 N.C. 338, 355 (1985) (citing <u>Hodges v. Carter</u>, 239 N.C. 517 (1954)). Plaintiff makes the following cursory allegations: "Defendant Elizabeth B. Ells, Sharpiro & Ingle, L.L.P., Katherine Bergor, David W. Neil and Grady I. Ingle and Jeffery Bunda did initiate foreclosure proceedings under the instructions of a person who was not the proper party in interest and before a tribunal with no authority other than to rule on default judgment. The same representing attorney negligent and legal/attorney malpractice." (Doc. No. 72 at 31). Plaintiff's cursory allegations supporting her "Attorney Malpractice Negligence" claim fail to state a claim upon which relief can be granted. See FED. R. CIV. P. 12(b)(6). This claim is **DISMISSED**.

    C.       <u>Motion for Reconsideration</u>

On January 12, 2012, Plaintiff filed, among other things, a Renewed Motion to Amend Complaint and proposed Amended Complaint. (Doc. No. 72). On July 3, 2012, the Court granted Plaintiff's January 12, 2012 Motion for Leave to Amend Complaint, and noted that Plaintiff's Amended Complaint could be found in Docket Entry 72. See (Doc. No. 72 at 22-31). Between July 6, 2012 and July 31, 2012, Defendants filed various Motions to Dismiss Plaintiff's

Amended Complaint.  See (Doc. Nos. 96; 105; 109; 111; 113; 115).  On August 17, 2012,

Plaintiff filed an "Amended Complaint," (Doc. No. 123), misunderstanding the Court's July 3,

2012 Order as allowing her to do so.  On August 30, 2012, Defendant Hemenway filed a Motion

for Judicial Assistance, requesting clarification as to whether he should respond to Plaintiff's

August 17, 2012 "Amended Complaint."  (Doc. No. 124).  The Court responded by Order dated

September 4, 2012, (Doc. No. 128), explaining that because Plaintiff did not file a Motion for

Leave to File a Second Amended Complaint, Plaintiff's August 17, 2012 "Amended Complaint,"

(Doc. No. 124), would be stricken from the record.  On October 1, 2012, Plaintiff filed a Motion

for Reconsideration of the Court's September 4, 2012 Order.  (Doc. No. 129).  In her Motion,

Plaintiff asks the Court to reconsider allowing her to file a second amended complaint.  (Id.).

Rule 54(b) governs requests by parties for a Court to reconsider or revise "any order or

other decision, however designated, that adjudicates fewer than all the claims or the rights and

liabilities of fewer than all the parties."  FED. R. CIV. P. 54(b).  Motions under this Rule are

appropriately granted only in narrow circumstances:  (1) the discovery of new evidence, (2) an

intervening development or change in the controlling law, or (3) the need to correct a clear error

or prevent manifest injustice.  Pender v. Bank of America Corp., No. 3:05-CV-238-GCM, 2011

WL 62115 at *1 (W.D.N.C. Jan. 7, 2011) (Mullen, J.); see also Stephens v. Wachovia Corp., No.

3:06-CV-246-MR, 2008 WL 1820928 at *2 (W.D.N.C. Apr. 21, 2008) (Reidinger, J.) (noting

that "the decision whether to reconsider or modify an interlocutory order is a matter within the

discretion of the Court").  Plaintiff does not identify any new evidence, change in the law or

error or injustice in the Court's decision to strike her proposed Second Amended Complaint.

Further, for the reasons explained above, it would be futile to allow Plaintiff leave to file her

proposed Second Amended Complaint.  Like the Amended Complaint, the proposed Second

Amended Complaint would be subject to dismissal under Rules 12(b)(1) and Rule 12(b)(6).

Thus, Plaintiff's Motion for Reconsideration, (Doc. No. 129), is **DENIED**.

IV.     **CONCLUSION**

        **IT IS, THEREFORE, ORDERED** that:

1.      Motion to Dismiss by Geoffrey C. Hemenway, (Doc. No. 96), is **GRANTED**;

2.      Motion to Dismiss by American Home Mortgage Service, Inc, David Applegate, and Moss Codilis, LLP, (Doc. No. 105), is **GRANTED**;

3.      Motion to Dismiss by First American Title Insurance Company and Dennis Gilmore, (Doc. No. 109), is **GRANTED**;

4.      Motion to Dismiss by Katherine Begor, Jeffrey A. Bunda, Elizabeth B. Ells, David W. Neill and Shapiro and Ingle, LLP, (Doc. No. 111), is **GRANTED**;

5.      Motion to Dismiss by John Stumpf and Wells Fargo Bank, N.A., (Doc. No. 113), is **GRANTED**; and

6.      Motion to Dismiss by Option One Mortgage Corporation, (Doc. No. 115), is **GRANTED**;

7.      Plaintiff's Amended Complaint, (Doc. No. 72), is **DISMISSED with prejudice**;

8.      Plaintiff's Motion for Reconsideration, (Doc. No. 129), is **DENIED**; and

9.      The Clerk is directed to close this case.


                                Signed: November 20, 2012


                                Robert J. Conrad, Jr.
                                Chief United States District Judge


17